**FILED**

APR 2 8 2008

Clerk, U.S. District and
Bankruptcy Courts

# IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL FALCONE<br>212 E Street, NE<br>Washington, D.C. 20002 | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ( | Case: 1:08-cv-00750<br>Assigned To : Friedman, Paul L.<br>Assign. Date : 4/28/2008<br>Description: Contract |
| KINDEL FURNITURE CO.,<br>100 Garden Street, SE<br>Grand Rapids, MI 49507 | ) ) ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Kindel Furniture Company ("Kindel"), by counsel and pursuant to 28 U.S.C. §

1441 and § 1446(a), files this Notice removing to this Court the above-styled action, bearing the

Superior Court case number "Case No. 2008 CA 001943 B", from the District of Columbia

Superior Court. The grounds for removal are as follows:

1.      Plaintiff Michael Falcone filed this case in Superior Court for the District of

Columbia, on March 6, 2008.

2.      Kindel was served with a Summons and a copy of Plaintiff's Complaint on or

about April 8, 2008.

3.      The United States District Court for the District of Columbia has jurisdiction over

this action pursuant to 28 U.S.C. §1332(a), diversity jurisdiction.

4.      Plaintiff alleges that Kindel is liable to him for four causes of action all relating to

the breach of an alleged oral contract. Plaintiff claims that at all times relevant he resided in the

District of Columbia. Kindel is organized and existing under the laws of the State of Michigan

and its principle place of business is in Grand Rapids, Michigan. There are no other parties to

the action. Plaintiff demands Fifty thousand dollars ($50,000) in damages under Count Three, Six thousand dollars ($6,000) in damages under Count Four and back pay, front pay, fringe benefits and compensatory damages in Counts One and Two. Therefore, the amount in controversy exceeds Seventy-five thousand dollars ($75,000).

5.      Pursuant to 28 U.S.C. § 1441(a), Defendant is entitled to remove this action to this Court because the District of Columbia Superior Court lies within this district and division.

6.      This Notice of Removal is being filed within 30 days of Kindel's receipt of the Summons and Complaint, and is timely filed under 28 U.S.C. § 1446(b).

7.      Copies of all process, pleadings and orders served upon Kindel in this action are attached to this Notice.

8.      Pursuant to 28 U.S.C. § 1446(d), Kindel will promptly file a copy of this Notice of Removal with the District of Columbia Superior Court and give written notice of the filing of the Notice of Removal to the opposing party.

9.      By filing this Notice of Removal, Kindel does not waive any defenses that may be available to it.

WHEREFORE, Defendant Kindel Furniture Company  prays that this action will be removed.

Dated: April 28, 2008

Respectfully submitted,

KINDEL FURNITURE COMPANY

By: _Juliec CMG_

David D. Hudgins (DC Bar No. 362451)
Juliane C. Miller (DC Bar No. 446783)
HUDGINS LAW FIRM
515 King Street, Suite 400

Alexandria, Virginia 22314
(703) 739-3300
(703) 739-3700 (facsimile)
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served by first-class mail, postage prepaid, this April 28, 2008, to:

Michael Falcone
Pro Se
212 E Street, N.E.
Washington, D.C. 20002

_____
Counsel



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MICHAEL FALCONE
    Vs.
KINDEL FURNITURE COMPANY

C.A. No.    2008 CA 001943 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH E RETCHIN
Date:  March 6, 2008
Initial Conference: 9:30 am, Friday, June 13, 2008
Location: Courtroom 316
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

**08 0750**

# FILED

APR 2 8 2008

Clerk, U.S. District and
Bankruptcy Courts

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

Michael Falcone

*Plaintiff*

VS.

Kindel Furniture Co.

*Defendant*

0001943-08

Civil Action No. [                    ]

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Michael Falcone, Pro Se
Name of Plaintiff's Attorney

[                    ]
Address

212 E street NE Wash DC 2000?

(202) 903 -8985
Telephone

By [signature]
Deputy Clerk

Date  3|6|08

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

## IN THE SUPERIOR COURT FOR THE
## FOR THE DISTRICT OF COLUMBIA

MICHAEL FALCONE                          )
212 E Street, N.E.                       )
Washington, D.C. 20002                   )
                                         )
    Plaintiff,       )            0001943-08
                                         )
    v.               )    Civil Action No.
                                         )
KINDEL FURNITURE COMPANY                 )    RECEIVED
100 Garden Street, S.E.                  )    Civil Clerk's Office
Grand Rapids, Michigan 49507             )
                                         )    MAR 0 6 2008
    Defendant.       )    Superior Court of the
                                              District of Columbia
                                              Washington, D.C.

## COMPLAINT

COMES NOW Plaintiff Michael Falcone and states as follows:

1.    Plaintiff brings this action for breach of contract, wrongful termination, and breach of the covenant of good faith and fair dealing against defendant.

## JURISDICTION AND VENUE

2.    Jurisdiction of this court is founded pursuant to D.C. Code Ann. Sec. 11-921 (1981). Personal jurisdiction is invoked pursuant to D.C. Code Ann. Sec. 13-423. The amount in controversy exceeds $5,000.00, exclusive of interest and costs. All relevant events and acts which comprise the basis for the Complaint arose in the District of Columbia.

3.    Venue lies in this Court since the employment practices alleged to be unlawful were committed by defendant and its agents within the District of Columbia and because defendant does business within the District of Columbia.

## PARTIES

4.      Plaintiff, Michael Falcone ("Falcone"), is a citizen of the United States and a bona fide resident of the District of Columbia. At all times relevant herein, Falcone maintained a contract of employment with defendant.

5.      Defendant, Kindel Furniture Company ("Kindel"), was and is now a corporation duly organized and existing under the laws of the State of Michigan, maintaining its corporate headquarters at 100 Garden Street, S.E., Grand Rapids, MI 49507. Kindel was and now does business in the District of Columbia through its Sales Representatives, such as Falcone, who were assigned to service the Washington metropolitan area territory marketing and selling Kindel furniture products to retail and wholesale outlets in the District of Columbia.

6.      At all times material herein, Kindel was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment and under the direct control of Kindel.

## FACTS COMMON TO ALL COUNTS

7.      From July 1992, until the time of his termination on March 8, 2005, Falcone maintained a contract to serve Kindel as a sales representative. At the time of his termination, Falcone was a sales representative for the Washington metropolitan area.

8.      During his employment tenure, Falcone worked from his home in Washington, D.C. and paid District of Columbia income taxes.

9.      As a condition of his employment agreement, Falcone was to receive a sales commission of five (5%) percent of the value of all contracts closed by Falcone.

10.     In the winter of 2005, Falcone closed a contract with Waterworks, Inc., which

2

maintains a retail store in the District of Columbia, for the development and manufacture of furniture products by Kindel.

11.    On or about March 7, 2005, Falcone brought to closure a contract between Kindel and Master Craft Furniture.

12.    On March 8, 2005, without cause or justification, Kindel terminated Falcone's employment contract.

13.    At the time of his termination, about one million ($1,000,000.00) dollars in sales orders closed by Falcone were pending. Falcone demanded payment of commissions in the amount of fifty thousand ($50,000.00) dollars. Falcone also demanded reimbursement for out-of-pocket expenses incurred on Kindel's behalf in the amount of six thousand ($6,000.00) dollars.

14.    To date, Kindel has refused to pay Falcone commissions due and owing to him, as well as reimburse him for his out-of-pocket expenses.

15.    As a consequence of defendant's failure to pay the above commissions and expenses, Falcone has incurred a default on his credit accounts and irreparable damage to his credit worthiness.

16.    Following his termination, Falcone received unemployment compensation under the District of Columbia Department of Employment Services.

### FIRST CAUSE OF ACTION
**Breach of Contract**

17.    Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "16" as if originally pleaded herein.

18.    Falcone was employed be defendant under an oral contract of employment which was modified and re-enforced by certain policies, practices, assurances and other express and implied statements of defendants. In said contract, it was implicitly agreed that Falcone would not be

3

impeded in his job duties, and that he would be terminated only for cause. Falcone entered into said contract, *inter alia,* to secure peace of mind and financial stability, and refrained from seeking employment elsewhere in reliance thereon.

19.    At all times material hereto, Falcone performed his obligations under the contract with defendant. Defendant breached its express and implied contractual commitments to Falcone by terminating his employment without cause.

20.    At the time the parties entered into the contract, as alleged herein above, it was known and understood, and within the reasonable contemplation of the parties, that in the event of a breach, Falcone would suffer loss of earnings and economic damage.

21.    As a direct and proximate result of the illegal employment action by defendant, Falcone has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Falcone has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

22.    Defendant, through its agents or supervisors, unlawfully breached Falcone's employment contract, without cause of justification.

WHEREFORE plaintiff respectfully prays this Court:

(a)    To award him all the back and front pay and fringe benefits he has lost as a result of defendant's breach of contract;

(b)    To award him compensatory damages in an amount to be determined at trial;

(c)    To award him the costs of this action; and

(d)    To award him such other and further relief as this Court deems just and proper.

4

## SECOND CAUSE OF ACTION
### Breach of the Implied Covenant of Good Faith and Fair Dealing

23.     Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, each and every allegation contained in Paragraphs "1" through "22" hereinabove set forth.

24.     Falcone and defendant entered into an oral employment contract upon his hire and during the term of Falcone's employment. The basic terms of the agreement provided that Falcone's employment would be secure as long as his performance was satisfactory, that Falcone would not be impeded in his performance or career expectations, that Falcone would not be terminated without good cause, and that Falcone would earn agreed-upon wages and fringe benefits.

25.     Falcone undertook and continued employment, and duly performed all of the conditions of the employment agreement to be performed by him until prevented from further performance by defendants. Falcone had at all times been ready, willing and able to perform all of the conditions of the agreement to be performed by him.

26.     Falcone performed all conditions precedent to defendants' performance of their obligations under the contract. Falcone's performance was at all times satisfactory.

27.     The laws of the District of Columbia imposed duties on defendant in connection with the employment agreement and to act fairly and in good faith towards Falcone. Defendant covenanted to give full cooperation to Falcone in his performance under the employment agreement and to refrain from any act which would prevent or impede any of the conditions of the employment agreement from being performed, which would deny the employment agreement or which would prevent Falcone from receiving the benefits of the employment agreement.

28.     On or about March 8, 2005, December 22, 2004, defendant breached these duties imposed by law in connection with the employment agreement by discharging him without cause and

in bad faith.

29.    At the time the parties entered into the covenant, as alleged herein above, it was known and understood, and within the reasonable contemplation of the parties, that in the event of a breach, Falcone would suffer loss of earnings and economic damage.

30.    As a direct and proximate result of the illegal employment action by defendant, Falcone has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Falcone has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

WHEREFORE plaintiff respectfully prays this Court:

(a)    To award him all the back and front pay and fringe benefits he has lost as a result of defendant's breach;

(b)    To award him compensatory damages in an amount to be determined at trial;

(c)    To award him the costs of this action; and

(d)    To award him such other and further relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
**Breach of Contract**

31.    Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "30" as if originally pleaded herein.

32.    Falcone was employed by defendant under a contract of employment which required defendant to pay Falcone a five percent commission on all sales contracts closed by him.

33.    At the time of his termination, Falcone had closed two sales contracts outstanding entitling him to commission in the amount of $50,000.

34.    Defendant has refused to remit such commissions to Falcone, without any

6

justification whatsoever.

35.    By its refusal to so remit commissions to Falcone, defendant has breached its contract with Falcone.

WHEREFORE plaintiff respectfully prays this Court:

(a)    To award him $50,000, plus interest;

(b)    To award him the costs of this action; and

(c)    To award him such other and further relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### Breach of Contract

36.    Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "35" as if originally pleaded herein.

37.    Falcone was employed by defendant under a contract of employment which required defendant to reimburse Falcone for expenses incurred on behalf of defendant.

38.    At the time of his termination, Falcone had outstanding expenses owed to him by defendant in the amount of $6,000.00.

39.    Defendant has refused to reimburse such expenses to Falcone, without any justification whatsoever.

40.    By its refusal to so remit commissions to Falcone, defendant has breached its contract with Falcone.

WHEREFORE plaintiff respectfully prays this Court:

(a)    To award him $6,000.00, plus interest;

(b)    To award him the costs of this action; and

(c)    To award him such other and further relief as this Court deems just and proper.

7

## JURY DEMAND

Plaintiff respectfully requests a jury trial on all issues.

Respectfully submitted,

Michael Falcone
Pro Se
212 E Street, N.E.
Washington, D.C. 20002
(202) 903-8985

8

M
08-750
PLF

## I (a) PLAINTIFFS

MICHAEL FALCONE

11001

**DEFENDANTS**

KINDEL FURNITURE COMPANY

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___11001___
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)** _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Pro Se
212 E Street NE, Washington, D.C. 20002
(202) 903-8985

Case: 1:08-cv-00750
Assigned To : Friedman, Paul L.
Assign. Date : 4/28/2008
Description: Contract

JURY ACTION

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government
Plaintiff

O 3 Federal Question
(U.S. Government Not a Party)

O 2 U.S. Government
Defendant

⊙ 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

O **A. Antitrust**

☐ 410 Antitrust

O **B. Personal Injury/
Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

O **C. Administrative Agency
Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

O **D. Temporary Restraining
Order/Preliminary
Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

O **E. General Civil (Other)**      OR      O **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

| **G.** *Habeas Corpus/ 2255* | **H.** *Employment Discrimination* | **I.** *FOIA/PRIVACY ACT* | **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| **K.** *Labor/ERISA (non-employment)* | **L.** *Other Civil Rights (non-employment)* | **M.** *Contract* | **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding    ◉ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Plaintiff claims Kindel Furniture terminated him in violation of an oral employment contract.  The matter is being removed pursuant to 28 USC 1332(a).

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 56,000 and back and front pay    Check YES only if demanded in complaint    JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  4.28.08    SIGNATURE OF ATTORNEY OF RECORD  _(signature)_

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  Listed below are tips for completing the civil cover sheet.  These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint.  You may select only one category.  You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

