IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

MICHAEL FALCONE )
212 E Street, NE )
Washington, D.C. 20002 )
)
Plaintiff, )
)
v. ) Case: 1:08-cv-00750
) Assigned To : Friedman, Paul L.
) Assign. Date : 4/28/2008
KINDEL FURNITURE CO., ) Description: Contract
100 Garden Street, SE )
Grand Rapids, MI 49507 )
)
Defendant. )

## ANSWER

Defendant Kindel Furniture Company ("Kindel"), by counsel, for its Answer to the Complaint of plaintiff Michael Falcone ("Plaintiff"), states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted, and fails to state facts upon which the relief demanded may be granted.

### SECOND DEFENSE

Plaintiff has failed to state a claim for breach of contract.

### THIRD DEFENSE

Defendant did not breach any contract with plaintiff.

### FOURTH DEFENSE

Plaintiff's claims are barred by the statute of frauds.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH DEFENSE

Plaintiff's claims fail because plaintiff was an employee at will.

## SEVENTH DEFENSE

Defendant denies that plaintiff has incurred any damages in the amount or to the extent alleged, or that defendant is liable to plaintiffs in any amount for any reason whatsoever.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## NINTH DEFENSE

Plaintiff's damages (if any) were caused solely by his own failure to mitigate damages.

## TENTH DEFENSE

Defendant objects to venue in the District of Columbia Superior Court.

## ELEVENTH DEFENSE

Plaintiff's claims must be dismissed based on the doctrine of forum non conveniens.

## TWELFTH DEFENSE

Defendant intends to rely upon all other defenses as are developed through discovery and/or are provable at trial.

## THIRTEENTH DEFENSE

Answering specifically the numbered paragraphs of the Complaint, defendant states as follows:   All allegations of the Complaint are denied unless expressly admitted.

1. The allegations in paragraph 1 do not require a response.

2. The allegations in paragraph 2 are a statement of jurisdiction and do not require a response. To the extent a response is required defendant denies that all relevant events and acts arose in the District of Columbia.

3. Denied that venue is appropriate in this Court.

4. Defendant is without knowledge as to the first sentence of paragraph 4. Defendant denies the second sentence of paragraph 4.

5. Admitted that defendant is incorporated under the laws of the State of Michigan. Admitted that defendant maintains its corporate headquarters in Grand Rapids, MI. Admitted that Kindel does business in the District of Columbia. All allegations not specifically admitted are denied.

6. Defendant is without information or knowledge to admit or deny the allegations set forth in paragraph 6.

7. Defendant admits that plaintiff was hired in 1992 and terminated in March 2005. It is denied that plaintiff had a contract of employment. All allegations not specifically admitted are denied.

8. Defendant denies the allegations set forth in paragraph 8 of the Complaint.

9. Defendant denies the allegations set forth in paragraph 9 of the Complaint.

10. Defendant denies the allegations set forth in paragraph 10 of the Complaint.

11. Defendant is without information to either admit or deny the allegations set forth in paragraph 11 and therefore denies the same.

12. Defendant denies that plaintiff had an employment contract. Defendant admits that plaintiff was terminated in March 2005.

13. Defendant denies the allegations in paragraph 13 except to state that upon information and belief, plaintiff did demand reimbursement for expenses at or after the time of his termination.

14. Defendant denies the allegations set forth in paragraph 14 of the Complaint.

15. Defendant denies that it has failed to pay commissions and expenses due and owing to plaintiff. Defendant is without information and knowledge sufficient to enable it to admit or deny the allegations set forth in the second sentence of paragraph 15.

16. Defendant is without knowledge and information sufficient to enable it to admit or deny the allegations set forth in paragraph 16.

## FIRST CAUSE OF ACTION

17. Defendant adopts and incorporates by reference the responses set forth in paragraphs 1-16 above as if fully re-stated herein.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint.

## SECOND CAUSE OF ACTION

23. Defendant adopts and incorporates by reference the responses set forth in paragraphs 1-22 above as if fully re-stated herein.

24. Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in paragraph 30 of the Complaint.

## THIRD CAUSE OF ACTION

31.     Defendant adopts and incorporates by reference the responses set forth in paragraphs 1-30 above as if fully re-stated herein.

32.     Defendant denies the allegations set forth in paragraph 32 of the Complaint.

33.     Defendant denies the allegations set forth in paragraph 33 of the Complaint.

34.     Defendant denies the allegations set forth in paragraph 34 of the Complaint.

35.     Defendant denies the allegations set forth in paragraph 35 of the Complaint.

## FOURTH CAUSE OF ACTION

36.     Defendant adopts and incorporates by reference the responses set forth in paragraphs 1-35 above as if fully re-stated herein.

37.     Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38.     Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39.     Defendant denies the allegations set forth in paragraph 39 of the Complaint.

40.     Defendant denies the allegations set forth in paragraph 40 of the Complaint.

WHEREFORE, defendant Kindel Furniture Company respectfully requests that plaintiff's claims be dismissed with prejudice and that they be awarded their costs and attorneys' fees expended in this matter.

Dated: April 28, 2008

Respectfully submitted,

KINDEL FURNITURE COMPANY

By: _____
David D. Hudgins (DC Bar No. 362451)
Juliane C. Miller (DC Bar No. 446783)

HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, Virginia 22314
(703) 739-3300
(703) 739-3700 (facsimile)
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served by first-class mail, postage prepaid, this April 28, 2008, to:

Michael Falcone
Pro Se
212 E Street, N.E.
Washington, D.C. 20002

_____
Counsel